IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WILLIE J. STEPHENS, JR., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:14-cv-00008 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

On February 26, 2014, Defendant Ocwen Loan Servicing, LLC, ("Defendant") removed this case from the Halifax County Circuit Court, asserting that this Court had jurisdiction over the action pursuant to 28 U.S.C. § 1331, a grant of jurisdiction commonly referred to as "federal question" jurisdiction. (See Not. of Removal, Feb. 26, 2014, at pg. 1 [ECF No. 1].) In addition to the Complaint, a pending "Application for Temporary Restraining Order" ("TRO"), which Plaintiffs had filed with the state court action, was transferred with the case file from the state court. (See Not. of Removal Ex. B.) Upon a review of the Complaint, however, I was not persuaded that a substantial federal interest had been asserted, so I instructed the parties to show cause why the matter should not be remanded to the state court for lack of jurisdiction. (See Order, Feb. 28, 2014 [ECF No. 9].) Defendant filed its brief setting forth its rationale for why it believed jurisdiction was proper; Plaintiffs did not respond. (See Def.'s Resp. to Order to Show Cause, March 14, 2014 [ECF No. 10] [hereinafter "Def.'s Br."].) Because no party has requested oral argument on the issue, the matter is ripe for decision.

It is settled law that "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). In this case, Defendant argues that "[i]t is clear from the Complaint *and the TRO*, which expands upon the claims in the

Complaint, that this action arises under federal law." (Def.'s Br. pg. 2 (emphasis added).) This statement makes clear the primary flaw in Defendant's argument that jurisdiction is proper. It is <u>only</u> the claims set forth in Plaintiffs' properly pleaded complaint that may form the basis of federal subject matter jurisdiction. <u>See, e.g.</u>, <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 50 (2009) (noting that "an actual or anticipated counterclaim" cannot form the basis of subject matter jurisdiction). Defendant may not rely on claims or arguments set forth in Plaintiffs' TRO unless they are also in the Complaint. The reasoning is simple—the Complaint governs what claims are to be tried. As "master of the claim," a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>see</u> <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon.").

If Plaintiffs rely heavily or exclusively on federal law in the application for a TRO, such reliance cannot form the basis of federal court jurisdiction. A federal court may only entertain a TRO that is based on federal law if the underlying action is properly before the court. Moreover, even if the state court is required to apply federal law in deciding whether to grant a TRO, the mere application of federal law at some point in the proceeding is not a basis for federal jurisdiction. "Indeed, state courts correctly apply federal law every day." <u>Blue Cross Blue Shield Health Care Plan v. Gunter</u>, 541 F.3d 1320, 1323 (11th Cir. 2008).

Turning to the present case, I must examine the Complaint—and only the Complaint—to determine whether federal jurisdiction is proper. The Complaint, which Plaintiffs have styled as an "Action to Quiet Title," only make two references to federal law. (<u>See</u> Not. of Removal Ex. A [hereinafter "Compl."].) First, "Plaintiff alleges and asserts that Mid-State Home et al, at the Inception of the contract violated numerous sections of the Statutes at Large (13 Stat 99). One

such section states Financial Institutions cannot enter into mortgage agreements for real estate beyond a 5-year period.[1] The note referenced herein was for a 30-year mortgage, which by operation of law is Fraudulent." (Compl. ¶ 4.) "Mid-State Home et al" is not a named defendant in Plaintiffs' action. If an entity that is not a party to the action is accused of violating federal law, such a charge has no bearing on the court's jurisdiction over separate causes of actions against different entities. To hold otherwise would permit virtually every case to qualify for federal jurisdiction by allowing a plaintiff to state that, in theory, she has a federal claim against a party she has not sued. Such a broad grant of authority is belied by federal courts' designation as courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("[Federal courts] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)).

The only other reference to federal law is Plaintiffs passing assertion that Defendant and a law firm "was [sic] acting as a **debt collector**, which violates the Statutes at Large as defined at Public Law 95-109, 91 Stat 874 Sec 803 (6)(F)." (Compl. ¶ 6 (emphasis in original).) Despite Plaintiffs' assertion that acting as a debt collector violates the Fair Debt Collections Practices Act ("FDCPA")—which is not what the statute says—Plaintiffs do not actually assert any claim on that basis. The only relief they seek is quieting the title to a piece of property, not any recognized relief under the FDCPA. As such, there is no claim under the FDCPA, and reliance on that reference cannot form the basis of federal jurisdiction. Cf. Frederickson v. Starbucks Corp., Case No. 3:13-cv-00029, 2013 WL 5819104, at *22 (D. Or. Oct. 29, 2013) (noting that there is "no claim" when it has not been pled).

---

[1] "13 Stat 99" has no relation to financial institutions or mortgage agreements; the statues at issue concern incorporating a "news-boys' home," and the creation of a national currency. See 13 Stat. 99 (1864).

Given that Plaintiffs' only references to federal law concern a non-existent defendant and an utterly benign misstatement of a legal definition, the Complaint does not raise a substantial federal question sufficient to confer jurisdiction on this Court. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). As such, this case must be returned to the state court for resolution. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction).

For the foregoing reasons, I hereby **REMAND** this matter to the Halifax County Circuit Court for lack of subject matter jurisdiction. In the absence of federal jurisdiction, all outstanding motions are hereby **DISMISSED AS MOOT.**

The Clerk is directed to remove this case from the active docket of the Court, and forward a copy of this Order to Plaintiffs and all counsel of record.

Entered this 11th day of April, 2014.

                                                  s/Jackson L. Kiser
                                                  SENIOR UNITED STATES DISTRICT JUDGE